IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY KELLY | * |
|     Plaintiff, | |
| v. | *   CIVIL ACTION NO. AW-07-1068 |
| JOHN MCCARTHY, STATE ATTORNEY | * |
|   STATE ATTORNEY OFFICE | |
|     Defendant. | * |
| | *** |

**MEMORANDUM**

This 42 U.S.C. § 1983 civil rights action seeks compensatory and punitive damages, naming the State's Attorney for Montgomery County, Maryland as Defendant. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that in 2002, he was wanted for questioning into the murder of two individuals in Silver Spring, Maryland. He acknowledges he fled from police and was subsequently arrested and charged with the murders.[2] He alleges that State's Attorney McCarthy: (1) violated the rules of professional conduct by prosecuting a charge that the prosecutor knows is not supported by probable cause; (2) manufactured and tampered with evidence for purposes of making false accusations against Plaintiff and influencing the outcome of the murder investigation; (3) failed to correct false testimony and, in effect, suborned perjury; and (4) violated Plaintiff's Eighth and Fourteenth Amendment rights.

---

[1] Plaintiff states that after his arrest and indictment, he was transferred to Perkins for a competency review. Paper No. 1.

[2] The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first degree rape and robbery. *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. Assuming, without deciding, that Plaintiff has raised colorable constitutional claims under the U.S. Constitution, the 42 U.S.C. § 1983 action shall be summarily dismissed.

First, the Court observes that a prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Less than absolute prosecutorial immunity could impair the judicial process itself. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Where, as here, Plaintiff is challenging the State's Attorney's actions related to the ultimate decision to prosecute or to actions closely associated with the judicial process and taken while functioning as an advocate for the State of Maryland, State's Attorney McCarthy enjoys absolute immunity from damage liability.[3] *See Springmen v. Williams*, 122 F.3d 211, 212-13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996); and *Carter v. Burch*, 34 F.3d 257, 262-63 (4th Cir. 1994).

---

[3] The cause of action also fails to meet the threshold requirements for filing a tort (negligence and defamation) complaint under 28 U.S.C. § 1332 (diversity) as Plaintiff has failed to demonstrate that he and Defendant are domiciled in different districts. For the purpose of § 1332(a), an individual's citizenship is determined by domicile. *See Williamson v. Osenton*, 232 U.S. 619, 624-25 (1914). A party's domicile is established at the time a case is filed, *see Freeport-McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428-29(1991), and it is determined by the party's place of residence and intent to remain in that place indefinitely. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Because Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory," the dismissal is pursuant to 28 U.S.C. §1915(e).[4]  A separate Order shall be entered in compliance with the opinion set out above.[5]


Date: May 4, 2007                                         /s/
                                                  Alexander Williams Jr.
                                                  United States District Judge

---

[4]   28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal--
(i)  is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[5]   The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA").  Plaintiff is not a "prisoner" within the meaning of the PLRA.  The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity.  *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). Also in *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA. *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.*  The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.
.